# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned On Briefs December 7, 2010

## RACHEL ELAINE SMITH v. JAMES DANIEL MCGRATH

**Appeal from the Juvenile Court for Maury County**
**No. 6044JC      George L. Lovell, Judge**

_____

**No. M2010-00866-COA-R3-JV - Filed February 11, 2011**

_____

Mother appeals action of the trial court in adding a "paramour provision" to an order approving parenting plan for minor child. We modify the judgment and affirm in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Modified in Part**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J. , joined.

Deana C. Hood, Franklin, Tennessee, for the appellant, Rachel Elaine Smith.

James Daniel McGrath., Columbia, Tennessee, *Pro Se.*

## MEMORANDUM OPINION[1]

### I. Background

This appeal arises out of a petition for custody filed by the father of a child born out of wedlock. Father instituted a proceeding to establish his parentage of the child in August 2008; Mother answered that petition and filed a counterclaim seeking to have the court set child support and approve her parenting plan. The trial court entered an order in December

_____

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2008 declaring Father to be the natural father of the child, granting custody to Mother, and setting visitation and child support.

On December 7, 2009, Father filed the petition at issue in this appeal, alleging that a material change in circumstances existed and that a change of custody was in the child's best interest. Mother answered, denying a material change of circumstances and submitting a proposed parenting plan. The parties were able to agree and presented a parenting plan to the court for approval. The order approving the plan was entered March 16, 2010 and stated, in pertinent part, the following:

> . . . The parties had previously agreed upon the Parenting Plan, with the exception of the wording of the "overnight guest" language in the parenting plan, that being the sole issue presented to the Court.
>     The Petitioner [Father] requested the Court to require the inclusion of the following within the parenting plan, "neither party shall have an overnight guest of the opposite sex of a romantic nature absent marriage or family relation while the minor child is present." The Respondent [Mother] requested that the Court add "under inappropriate circumstances" to the requirement and it was undisputed that the parties had resided together absent marriage after the birth of the child.
>     Upon hearing the statements and arguments of Counsel for the parties, the Court stated that since the parties were the mother and father, the fact that they had resided together absent marriage was not relevant and found that it was not in the best interests of the child for either parent to have sexual relations with overnight guests of any nature; thereby, the Court ruled in favor of the Petitioner.
>     IT IS HEREBY ORDERED that the following shall be reflected in the Parenting Plan in this matter, "Neither party shall have sexual relations with an overnight guest or be co-habitating with another in a romantic nature absent marriage while the minor child is present."

The language in the court's order was added to the parenting plan.

Mother appeals, contending that there was no proof of harm to the child if the provision was not included, that the court abused its discretion in including the provision, and that the restraining provision was not specific and is, therefore, void.

## II. Discussion

A trial court has broad discretion in determining custody and visitation matters and the decision of the trial court will not ordinarily be reversed absent some abuse of that discretion. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)*; Suttles v. Suttles*, 748

S.W.2d 427, 429 (Tenn. 1988); *Bueno v. Todd*, No. W2005-02164-COA-R3-CV, 2006 WL 2106006, at \*5 (Tenn. Ct. App. July 31, 2006). "A trial court abuses its discretion when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge*, 42 S.W.3d at 85 (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).

We are unable to discern from the record the legal or factual basis upon which the trial court included the language quoted above as part of the final order and, as a consequence, our ability to accord the trial court deference is limited. There was no transcript or statement of the evidence filed as part of the record[2] and, as appears from the final order, the parties agreed on all provisions of the parenting plan except the "overnight guest" language. Father has previously notified this court that he does not object to the language that Mother wished included in the order; consistent with that representation, Father did not file a brief or oppose Mother's position on appeal.

## III. Conclusion

In light of the foregoing, and to effectuate the agreement of the parties, we MODIFY the March 18, 2010 order and parenting plan adopted therewith to provide as follows: "Neither party shall have sexual relations with an overnight guest while the minor child is present, under inappropriate circumstances, or co-habit with another in a romantic nature absent marriage while the minor child is present." In all other respects the order and parenting plan are affirmed.



RICHARD H. DINKINS, JUDGE

---

[2] In accordance with Tenn. R. App. P. 24(d), Mother filed a notice in the trial court stating, *inter alia*:

> The question presented for review to the appellate Court is not a factual error, wherein evidence was offered to the trial court and a ruling was made. The trial Court made a ruling based upon oral argument of counsel and the issue before the appellate Court is up for legal interpretation. Grounds for this appeal include an error of law made by the trial Court.